IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TERRY LEE WILKINSON, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>THE STATE OF UTAH, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR AWARD OF FEES & COSTS<br><br>Case No. 2:10-CV-523 TS |

This matter is before the Court on Plaintiffs' Motion for Award of Fees and Costs[1] and Plaintiffs' Motion to Strike Portions of Defendants' Amended Memorandum Opposing Plaintiffs' Motion for Award for Fees and Costs.[2] For the reasons discussed below the Court will grant the Motion for fees and costs, but reduce the amount sought by Plaintiffs. The Court will deny the Motion to Strike as Moot.

---

[1]Docket No. 31.

[2]Docket No. 48.

1

The Court previously granted a Motion for Settlement in this case. The case involves a 42 U.S.C. § 1983 action regarding a state statute forbidding panhandling. Plaintiffs Terry Lee Wilkinson, Patty Eagle, and Jackie Sanchez reached a settlement agreement with Defendants Salt Lake City Corporation, Mayor Ralph Becker, Salt Lake City Police Chief Chris Burbank, and Sim S. Gill, a Salt Lake City Prosecutor (collectively "Salt Lake City Defendants"), and the Court signed a consent order based on the parties' agreement. Plaintiffs have not settled their claims against the remaining defendants, namely the State of Utah, Governor Gary R. Herbert, and Utah Attorney General Mark L. Shurtleff. The settlement agreement essentially states that Salt Lake City will not enforce the state statute forbidding panhandling. The issue before the Court is whether Plaintiffs are prevailing parties and should be awarded their attorney fees and costs.

I. BACKGROUND

In their Complaint, Plaintiffs' preliminary statement laid out their claims as follows:

This 42 U.S.C. § 1983 action seeks declaratory, monetary and injunctive relief for improper interference with the constitutional rights of Plaintiffs. Plaintiff seeks declaratory relief as to the unconstitutionality of Utah Code Ann. § 41-6a-1009 (1953 as amended) (the "Statute"). The Statute impermissibly infringes on Plaintiffs' rights under the First Amendment of the United States Constitution . . . . With respect to the Utah State Defendants, Plaintiffs seek only declaratory, equitable and prospective injunctive relief prohibiting Defendants from enforcing the Statute. With respect to the Salt Lake City Defendants, Plaintiffs seek[] monetary damages as well as declaratory, equitable and injunctive relief prohibiting Defendants from enforcing the Statute. Plaintiffs seek[] attorney fees and costs under 42 U.S.C. § 1983 and 42 U.S.C. § 1988.[3]

---

[3]Docket No. 1, at 2.

In the Cause of Action section of the Complaint, Plaintiffs allege that Defendants, by enforcing the statute at issue, "deprived and continue to deprive Plaintiffs and others of [First Amendment] rights . . . . [A]ll acts by Defendants to enforce [the statute] should be enjoined. . . . Plaintiffs are entitled to immediate and continuing injunctive relief barring Defendants from enforcing [the statute]."[4] In the Relief Requested section of the Complaint, Plaintiffs seek a declaratory judgment that the Statute is unconstitutional, a permanent injunction enjoining Defendants from enforcing the Statute, damages "(at least nominal) against Salt Lake City," and fees and costs.[5]

The Order Based on Amended Stipulated Partial Settlement Agreement ("Stipulated Order") states in pertinent part:

> 1. The City Defendants and their agents, officers, and employees shall not issue any citations based on the law currently codified at Utah Code § 41-6a-1009(4) (2005) where the conduct at issue is the exercise of constitutional rights protected under the Constitutions of the United States and/or the State of Utah, e.g., free expression (hereinafter referred to as "Prohibited Citations"). For example, merely standing on a sidewalk and/or near a roadway and/or holding a sign visible to passers-by soliciting financial assistance or employment is constitutionally protected expression and, when done in a manner that does not result in impeding pedestrian traffic or creating a legitimate safety concern, is constitutionally protected expression for which a citation will not be issued.
> 2. The City Defendants may issue citations based on the law currently codified at Utah Code § 41-6a-1009(4) (2005) if the predominant conduct at issue creates a legitimate safety concern, even if some aspect of the actor's conduct includes the exercise of protected constitutional rights.
> 3. The City Defendants shall not prosecute any Prohibited Citations issued by the City Defendants' agents, officers and/or employees, whether issued prior to, on, or after the date of the Agreement.
> . . . .

---

[4]*Id.* at 11.

[5]*Id.* at 11-12.

5. The only issue that remains to be resolved with respect to the City Defendants is Plaintiffs' claim for costs and/or attorney fees pursuant to 42 U.S.C. § 1988. The Court will determine the Plaintiffs' claim for costs and/or attorney fees subsequent to the entry of this Order.

## II. PREVAILING PARTY

42 U.S.C. § 1988(b) permits a court, at its discretion, to award reasonable attorney's fees to the prevailing party in a § 1983 action.[6] The Supreme Court has directed that "[c]ourts should . . . award fees to the prevailing party under § 1988 'unless special circumstances would render such an award unjust.'"[7] A plaintiff that prevails through a court-approved settlement is a prevailing party for purposes of § 1988.[8] "Although a consent decree does not always include an admission of liability by the defendant, it nonetheless is a court-ordered change in the legal relationship between the plaintiff and the defendant."[9] In determining whether a party to a consent decree is a prevailing party, a court should consider whether the consent decree creates a "material alteration of the legal relationship of the parties."[10]

The Salt Lake City Defendants argue that Plaintiffs are not prevailing parties because (1) the Complaint only alleges the state statute, not actions by Salt Lake City Defendants, is

---

[6]*Weston v. Smith*, 384 Fed. Appx. 696, 698 (10th Cir. 2010).

[7]*Johnson v. City of Tulsa, Okla.*, 489 F.3d 1089, 1103 (10th Cir. 2007) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)).

[8]*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health & Human Servs.*, 532 U.S. 598, 604 (2001); *Bell v. Bd. of Cnty. Comm'rs*, 451 F.3d 1097, 1101-02 (10th Cir. 2006).

[9]*Buckhannon Bd. & Care Home, Inc.*, 532 U.S. at 604 (citations and internal quotation marks omitted).

[10]*Id.* (quoting *Tex. State Teachers Ass'n. v. Garland Ind. Sch. Dist.*, 489 U.S. 782, 792 (1989)).

unconstitutional; (2) "Plaintiffs have not succeeded in obtaining any of the relief they sought in their Complaint";[11] (3) the City was obligated to enforce the state statute; (4) "the Order entered by the court does nothing to alter the relationship between Plaintiffs and the City Defendants in any way";[12] and (5) the Order signed by the Court "does nothing to alter the relationship between Plaintiffs and City Defendants in any way."[13]

In this matter it is clear that Plaintiffs "vindicat[ed] [their] rights through settlement."[14] Plaintiffs brought their action after they were told by Salt Lake City police officers that they could not be on a city sidewalk and hold signs requesting money, food, or employment if the sign could be viewed by passing vehicles.[15] The Stipulated Order forbids Salt Lake City police officers from ticketing individuals for "merely standing on a sidewalk and/or near a roadway and/or holding a sign visible to passers-by soliciting financial assistance or employment . . . when done in a manner that does not result in impeding pedestrian traffic or creating a legitimate safety concern."[16] As a result of the Stipulated Order, the relationship between the parties has been materially altered to now allow Plaintiffs to hold signs visible by passing traffic.

---

[11]Docket No. 40, at 8.

[12]*Id.* at 9.

[13]*Id.*

[14]*Johnson*, 489 F.3d at 1106 (quoting *Maher v. Gagne*, 448 U.S. 122, 129 (1980)).

[15]Docket No. 1, at 2-3, 7-11.

[16]Docket No. 37, at 2.

Salt Lake City Defendants' argument that they are not liable for fees because they were obligated to enforce the statute is not supported by citations to case law and is belied by their agreement to no longer enforce the statute.

In conclusion, Salt Lake City Defendants' arguments are unpersuasive, and Plaintiffs qualify as prevailing parties under § 1988.

### III. AMOUNT OF FEES

Salt Lake City Defendants alternatively argue that, if fees are awarded, the amount of fees should be substantially reduced.

District Courts may adjust the "lodestar"—or amount of fees as calculated by multiplying the "reasonable hours times a reasonable rate"—upward or downward depending on the facts of a case.[17] District Courts have discretion in awarding and adjusting fees.[18] A key, if not the key, factor in making downward adjustments is the "results obtained"; if plaintiffs only partially succeeded on their claims then they may be entitled to only a portion of their fees.[19]

Plaintiffs, for all practical purposes, have succeeded on their claims. It is not material to Plaintiffs whether the state statute has been declared unconstitutional. Their concern, as expressed in their Complaint, is their ability to panhandle in Salt Lake City without fear of being ticketed. They have prevailed in obtaining relief from this concern. Thus, an award of all of Plaintiffs' reasonable fees is appropriate.

---

[17] *Hensley*, 461 U.S. at 434.

[18] *Id.* at 436.

[19] *Id.* at 434.

The Salt Lake City Defendants put forward several arguments that the amount of fees sought are unreasonable. First, they argue that it would be unfair for them to pay the $13,446.25 of fees accrued in preparing the pleadings prior to filing and serving the Complaint because of the presence of the State Defendants. Second, they argue the $9,500.00 billed in reaching a settlement agreement is excessive and would dissuade future parties from entering settlement negotiations. Third, they argue that the $4,500.00 billed for preparing the motion currently before the Court is unreasonable because Plaintiffs obtained unnecessary affidavits. They also argue the $175.00 hourly rate charged by Mr. Gollan is unreasonable, that the billing statements are not sufficiently specific, and that "the amount of fees requested . . . bears no rational relationship to the result achieved."[20]

The Court finds that only the argument regarding the failure to split the fees accrued in preparing and serving the Complaint has merit. The Court, in exercising its discretion regarding the awarding reasonable fees, awards as reasonable attorneys' fees only one half of the fees and costs incurred in preparing and serving the Complaint. The Salt Lake City Defendants are responsible for half of the $13,446.25, which is $6,723.13. Consequently, the total amount of fees owed by the Salt Lake City Defendants is $21,155.88 ($27,879.00 requested in its Reply Memorandum[21] minus $6,723.12).

The Court finds the other arguments put forward by the Salt Lake City Defendants unpersuasive. The other fees sought by Plaintiffs are reasonable in light of the typical fees

---

[20]Docket No. 42, at 10-13.

[21]Docket No. 47, at 11.

charged by attorneys of like experience in this region. The fees are also reasonable in light of the nature of this action and result obtained through the Stipulated Order.

## IV. MOTION TO STRIKE

In reaching its conclusions, the Court has not relied on the paragraphs Plaintiffs seek to strike. Consequently the Motion to Strike[22] is denied as moot.

## V. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiffs' Motion for Award of Fees and Costs (Docket No. 31) is GRANTED. Defendants are jointly and severally liable for fees and costs in the amount of $21,155.88. It is further

ORDERED that Plaintiffs' Motion to Strike Portions of Defendants' Amended Memorandum Opposing Plaintiffs' Motion for Award for Fees and Costs (Docket No. 48) is DENIED AS MOOT. It is further

ORDERED that the hearing scheduled in this matter on April 6, 2011, at 10:00 a.m. is STRICKEN.

DATED   April 5, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[22]Docket No. 48.