IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TERRY LEE WILKINSON, *et al.*, <br><br>   Plaintiffs, <br><br> vs. <br><br> THE STATE OF UTAH, *et al.*, <br><br>   Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS <br><br><br><br> Case No. 2:10-CV-523 TS |

This matter is before the Court on Plaintiffs' Motion to Strike the Second Through Fifth Affirmative Defenses Asserted in Defendants' Answer[1] and Plaintiffs' Motion for Summary Judgment.[2] For the reasons set forth below, the Court will grant both Motions.

I. BACKGROUND

Plaintiffs Terry Lee Wilkinson, Patty Eagle, Steve Ray Evans, and Jackie Sanchez have brought this suit to challenge the constitutionality of Utah Code Ann. § 41-6a-1009(4) ("the Statute"), which they argue infringes on their rights under the First Amendment. The Statute reads:

> A person may not sit, stand, or loiter on or near a roadway for the purpose of soliciting from the occupant of a vehicle:
> (a)  a ride;
> (b)  contributions;

---

[1] Docket No. 67.

[2] Docket No. 69.

1

 (c) employment;
 (d) the parking, watching, or guarding of a vehicle; or
 (e) other business.[3]

Plaintiffs are indigent, unemployed, and have engaged in the solicitation of financial assistance from vehicular occupants in the past.[4] Each Plaintiff has had an encounter with law enforcement for engaging in conduct prohibited by the Statute.[5] Plaintiff Wilkinson was criminally cited for violating the Statute, though his case was later dismissed.[6] In January and/or February of 2010, Plaintiffs Eagle and Sanchez were both approached by police officers and warned that their conduct was illegal.[7] Plaintiff Evans was cited by Utah Highway Patrol officers on March 29, 2010, May 26, 2010, and March 10, 2011.[8] He was criminally charged based on those citations.[9] All Plaintiffs claim they must engage in panhandling in order to survive, and thus are fearful that they will continue to have encounters with the law that will lead to citation or arrest.[10]

As originally filed, the suit included additional Defendants associated with Salt Lake City.[11] Plaintiffs resolved their claims against those Defendants and have filed a settlement

---

[3] Utah Code Ann. § 41-6a-1009(4).

[4] Docket No. 64, at 2.

[5] *Id.* at 3.

[6] *Id.* at 7-8.

[7] *Id.* at 9.

[8] *Id.* at 10-11.

[9] *Id.*

[10] *Id.* at 8-11.

[11] *Id.* at 2.

agreement with the Court,[12] which the Court accepted through a consent order.[13] However, by the express terms of the agreement and the Court's related order, this settlement agreement has no effect on Plaintiffs' claims against the remaining Defendants associated with the State of Utah ("State Defendants").[14]

## II. MOTION TO STRIKE

Plaintiffs have filed a Motion to Strike the Second Through Fifth Affirmative Defenses Asserted in Defendants' Answer. Plaintiffs argue that "the foregoing affirmative defenses are without merit" and "can be summarily resolved as a matter of law."[15] Fed. R. Civ. P. 12(f) states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." For the reasons set forth below, the Court finds that these defenses are insufficient and should be stricken, making summary judgment proper at this time. Each affirmative defense is addressed in turn.

### A. ELEVENTH AMENDMENT IMMUNITY

The State Defendants' claim in their second affirmative defense that "[t]o the extent Plaintiffs' claims and allegations are actions against the State of Utah or agencies and officers, the Eleventh Amendment to the United States Constitution bars such action."[16] However, "[t]he *Ex parte Young* doctrine operates as an exception to the general rule of sovereign immunity that states may only be sued with their consent. Under *Ex parte Young*, suits against state officials

---

[12] *See* Docket No. 30.

[13] *See* Docket No. 37.

[14] *Id.* at 3.

[15] Docket No. 67, at 2.

[16] Docket No. 65, at 5.

seeking equitable relief for ongoing violations of federal law are not barred by the Eleventh Amendment."[17] "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'"[18] In this case, Plaintiffs have alleged an ongoing violation of their First Amendment rights and have requested prospective injunctive relief.[19] This clearly fits within the *Ex parte Young* doctrine and therefore the Court will strike the second affirmative defense.

B.    NO ONGOING CASE OR CONTROVERSY

The State Defendants' third affirmative defense claims that "there is no justiciable case and controversy between plaintiffs Terry L. Wilkinson, Patty Eagle and Jackie Sanchez and State Defendants."[20] The State Defendants argue that any case or controversy related to the State "has been settled and resolved in this proceeding involving co-defendants."[21] Although the settlement agreement between Plaintiffs and other Defendants ("City Defendants") does state that "[t]he City Defendants may issue citations based on [the Statute] if the predominant conduct at issue creates a legitimate safety concern," thereby allowing for enforcement of the statute in a manner acceptable to Plaintiffs, 1) the State Defendants have not agreed to be bound by the other terms of the provision, which set forth how the statute may *not* be enforced; and 2) the settlement

---

[17] *MCI Telecomms. Corp. v. Pub. Serv. Comm'n of Utah*, 216 F.3d 929, 939 (10th Cir. 2000) (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)).

[18] *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (alteration in original) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)).

[19] Docket No. 64, at 15.

[20] Docket No. 65, at 5.

[21] *Id.*

agreement specifically states that it "applies only to the City Defendants" and "does not affect nor resolve Plaintiffs' claims as against the Utah State Defendants."[22] For these reasons, the Court finds that there is an ongoing case or controversy and will grant Plaintiffs' Motion to Strike with respect to the third affirmative defense.

C.     PLAINTIFFS WILKINSON, EAGLE, AND SANCHEZ LACK STANDING

The State Defendants' fourth affirmative defense argues that Plaintiffs Wilkinson, Eagle, and Sanchez lack standing to challenge the Statute.[23] State Defendants argue that, as these Plaintiffs have not had interactions with Utah Highway Patrol with respect to the Statute, they have not suffered injury in fact and therefore do not have standing to bring suit.[24] However, these Defendants have had contact with law enforcement due to activities violating the Statute and State Defendants do not deny that the Statute is being enforced by Utah Highway Patrol. Therefore, it appears that Plaintiffs Wilkinson, Eagle, and Sanchez do have "an objectively justified fear of real consequences" and therefore have "a judicially cognizable injury in fact."[25] The Court will therefore grant Plaintiff's Motion to Strike with respect to State Defendants' fourth affirmative defense.

D.     THE STATUTE IS CONSTITUTIONALLY VALID

The State Defendants argue in their fifth affirmative defense that the Statute "is content-neutral, narrowly tailored to serve significant State interests, and provides ample alternative

---

[22] Docket No. 30, at 3, 5.

[23] Docket No. 65, at 5.

[24] Docket No. 72, at 7.

[25] *Initiative and Referendum Inst. v. Walker*, 450 F.3d 1082, 1088 (10th Cir. 2006).

channels of communication."[26] This is the very issue before the Court on Plaintiffs' Motion for Summary Judgment, and merely denies a claim raised by Plaintiffs' Complaint. Therefore, the Court will grant Plaintiffs' Motion to Strike with respect to the fifth affirmative defense.

### III. MOTION FOR SUMMARY JUDGMENT

Plaintiffs have moved the Court for summary judgment, arguing that the Statute violates the First Amendment in that it is a content-based restriction that is not narrowly tailored to further a significant governmental interest and, even if it were a content-neutral time, place, and manner restriction, it does not leave open adequate alternative channels of communication. Plaintiffs also contend that the Statute is unconstitutionally vague.

A.   STANDARD OF REVIEW

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[27] The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact.[28] "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial."[29] An issue is a "genuine issue for trial" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[30]

---

[26] Docket No. 65, at 6.

[27] *See* Fed. R. Civ. P. 56(a).

[28] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[29] *Sally Beauty Co., Inc., v. Beautyco, Inc.*, 304 F.3d 964, 971 (10th Cir. 2002).

[30] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

B.    ANALYSIS

    1.    CONTENT NEUTRALITY

Plaintiffs first argue that the Statute is a content-based restriction and is therefore constitutional only if it passes strict scrutiny.[31] State Defendants argue that the Ninth Circuit recently found a similar statute to be content neutral in *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*.[32] However, in that case the court merely "assume[d] for purposes of [its] decision that the Ordinance [wa]s content neutral."[33] As the *Comite de Jornaleros* court conducted no analysis on this issue and concluded that the regulation *did* violate the First Amendment—implying that they may have found it was not content neutral if not already unconstitutional as a time, place, and manner restriction—this opinion has no persuasive value for the point argued by State Defendants. However, the Ninth Circuit's approach in assuming that the ordinance is content neutral to first see if it would be a valid time, place, or manner restriction, is instructive. This approach was also taken by the United States Supreme Court in *City of Ladue v. Gilleo*.[34] The Court will follow the same approach here.

Setting aside the question of content neutrality, to be a valid time, place, or manner restriction, the Statute would need to "be narrowly tailored to serve the government's legitimate, content-neutral interests."[35] In this case, while the regulation "need not be the least restrictive or

---

[31] Docket No. 71, at 2.

[32] Docket No. 77, at 11 (citing *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936 (9th Cir. 2011)).

[33] *Comite de Jornaleros*, 657 F.3d at 945.

[34] 512 U.S. 43, 53 n.11 (1994) ("we set to one side the content discrimination question").

[35] *Ward v. Rock Against Racism*, 491 U.S. 781, 798 (1989).

7

least intrusive means" of serving "the government's legitimate, content-neutral interests,"[36] the means chosen must not be "substantially broader than necessary to achieve the government's interest" or "burden substantially more speech than is necessary to further the government's legitimate interests."[37] "So long as the means chosen are not substantially broader than necessary to achieve the government's interest, however, the regulation will not be invalid simply because a court concludes that the government's interest could be adequately served by some less-speech-restrictive alternative."[38]

    2.    TAILORING

After considering the Statute in light of the standards set forth above, the Court finds that the regulation is not "narrowly tailored to serve the government's legitimate, content-neutral interests." The State Defendants assert that "[t]he purpose of the prohibition is to address concerns of traffic and public safety and the 'evident dangers of physical injury and traffic disruption that are present when individuals stand in the center of busy streets trying to engage drivers and solicit contributions from them.'"[39] The Court does not dispute that the State has a legitimate and important interest in regulating conduct that occurs on busy roadways, and it may do so as long as the legislation is written so as to avoid infringing on constitutionally protected rights. However, it may not do so through sweeping statutes that regulate conduct unrelated to the government interest.

---

[36] *Id.*

[37] *Id.* at 799.

[38] *Id.* at 800.

[39] Docket No. 77, at 18 (citing *U.S. Labor Party v. Oremus*, 619 F.2d 683, 688 (7th Cir. 1980)).

The language of the Statute applies to all roads. The prohibition therefore regulates a wide range of situations that likely have no impact on safety. For example, the statute would prohibit children from selling lemonade in front of their house on a quiet residential street in Parowan, Utah or a panhandler from requesting donations alongside a gravel road. The Court therefore finds that the Statute is "substantially broader than necessary to achieve the government's interest" and is thus not a valid time, place, or manner restriction.

As the Statute is unconstitutional even if construed as a content neutral time, place, or manner restriction, the Court need not make a determination on Plaintiffs' alternatives arguments relating to content neutrality and vagueness. The Court will therefore grant Plaintiffs' Motion for Summary Judgment.

## IV. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiffs' Motion to Strike the Second Through Fifth Affirmative Defenses Asserted in Defendants' Answer (Docket No. 67) is GRANTED. It is further

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 69) is GRANTED. The Clerk of the Court is directed to enter judgment in favor of Plaintiffs and against the State Defendants and close this case forthwith.

DATED   March 15, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge