IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TERRY LEE WILKINSON, *et al.*,<br><br>Plaintiff,<br><br><br><br>vs.<br><br>THE STATE OF UTAH, *et al.*,<br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING STATE DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT<br><br><br><br><br><br>Case No. 2:10-CV-523 TS |

This matter is before the Court on the State of Utah, Utah Governor Gary R. Herbert, Utah Attorney General Mark L. Shurtleff, and Utah Highway Patrol Superintendent Colonel Daniel Fuhr's ("State Defendants") Motion to Alter or Amend Judgment, pursuant to Fed. R. Civ. P. 59(e).  For the reasons discussed below, the Court will deny State Defendants' Motion.

On March 15, 2012, a Clerk's Judgment was filed in favor of Plaintiffs against State Defendants.  On April 12, 2012, State Defendants filed the instant Motion.

The Tenth Circuit has stated that the following grounds warrant a motion to reconsider under Rule 59(e): "(1) an intervening change in the controlling law, (2) new evidence previously

unavailable, and (3) the need to correct clear error or prevent manifest injustice."[1]  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . .  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[2]

State Defendants assert that the Court erred in holding that Utah Code Ann. § 41-6a-1009(4) ("the Statute") is constitutionally invalid.  State Defendants argue that, because a settlement agreement was entered into between Plaintiffs and other Defendants that allowed enforcement in certain situations, the Statute can be constitutionally enforced.  However,

> [a]lthough the settlement agreement between Plaintiffs and other Defendants ("City Defendants") does state that "[t]he City Defendants may issue citations based on [the Statute] if the predominant conduct at issue creates a legitimate safety concern," thereby allowing for enforcement of the statute in a manner acceptable to Plaintiffs, 1) the State Defendants have not agreed to be bound by the other terms of the provision, which set forth how the statute may *not* be enforced; and 2) the settlement agreement specifically states that it "applies only to the City Defendants" and "does not affect nor resolve Plaintiffs' claims as against the Utah State Defendants."[3]

As the settlement agreement was merely a compromise between the parties, the Court did not speak to the constitutionality of the statute as written when allowing "the parties their right to compromise their dispute on mutually agreeable terms."[4]  Therefore, the Court will not construe

---

[1]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[2]*Id.*

[3]Docket No. 88, at 4-5.

[4]*Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 (1981).

2

the settlement so as to make the Statute constitutionally enforceable when, by the Statute's plain language, it is not.

State Defendants further argue that the Court erred by not considering the circumstances under which the Statue may be validly enforced.  State Defendants assert that "the State has a legitimate and important public safety interest in regulating a person's conduct involving the immediate and on the spot, engagement in a face-to-face interaction, conversation or transaction with the occupant of a vehicle that is in the roadway."[5]

The Court acknowledges that the State has such an interest.  However, as discussed in the Court's prior Order, "the means chosen [to regulate conduct] must not be 'substantially broader than necessary to achieve the government's interest' or 'burden substantially more speech than is necessary to further the government's legitimate interests.'"[6]  It is true that the Court must "consider any limiting construction that a state court or enforcement agency has proffered,"[7] which could save an otherwise unconstitutional statute.  But to apply a limiting construction, "the [S]tatute must be 'readily susceptible'" to the limiting construction—the Court "will not rewrite a state law to conform it to constitutional requirements."[8]  State Defendants have put forth no limiting construction that is not wholly inapposite to the Statute's plain language, and the Court

---

[5]Docket No. 95, at 7-8.

[6]Docket No. 88, at 8 (quoting *Ward v. Rock Against Racism*, 491 U.S. 781, 799 (1989)).

[7]*Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494 n.5 (1982).

[8]*Virginia v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383, 397 (1988).

finds that the Statute is not readily susceptible to a different construction that could save it. Therefore, the Court is unable to apply a limiting construction to the Statute.

Finally, State Defendants argue that the Court's holding fails to apply *Faustin v. City and County of Denver*.[9]  This case was provided in the prior briefing and was considered by the Court when conducting its prior analysis.  The Court finds it clearly distinguishable and State Defendants have not demonstrated clear error or manifest injustice.

In *Faustin*, the Tenth Circuit rejected a constitutional challenge to an unwritten policy "prohibiting all expressive conduct on [highway] overpasses that was visible to traffic below."[10] The court determined that the policy was "a reasonable restriction on the time, place, or manner of protected speech that is 'narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication.'"[11]

However, the Statute at issue in the instant action is easily distinguishable from the policy examined in *Faustin*.  The court in *Faustin* held that "[t]he state has a significant interest in traffic safety and in the avoidance of interference with official traffic control devices on highway overpasses" and "[r]estricting signs or banners on highway overpasses directed at the motorists below is narrowly tailored to achieve this interest."[12]  Furthermore, the court found "ample

---

[9] 423 F.3d 1192 (10th Cir. 2005).

[10] *Id.* at 1197.

[11] *Id.* at 1200.

[12] *Id* at 1200-01.

alternative avenues for communication, [as] the policy affects only highway overpasses."[13]  In the case at hand, the Statute is substantially broader than necessary to achieve the government's interest and leaves available significantly less alternative avenues for communication, as the Statute applies to speech occurring near roadways across the entire state.  Therefore, it is not a reasonable restriction on the time, place, or manner of protected speech.

For the reasons set forth above, State Defendants have not alleged any grounds adequate for this Court to reconsider the judgment under Rule 59(e).  Therefore, the Court will deny the Motion.

It is therefore

ORDERED that Defendants' Motion to Set Aside (Docket No. 28) is DENIED.

DATED   May 10, 2012.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[13]*Id.* at 1201.