IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TERRY LEE WILKINSON, et al.,<br><br>      Plaintiffs,<br><br><br><br><br><br><br>            vs.<br><br><br><br>THE STATE OF UTAH, et al.,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR AWARD OF FEES & COSTS AGAINST STATE DEFENDANTS<br><br><br><br><br><br>Case No. 2:10-CV-523 TS |

This matter is before the Court on Plaintiffs' Motion for Award of Fees and Costs Against State Defendants.[1]  For the reasons set forth more fully below, the Court will grant the Motion.

## I.  BACKGROUND

Plaintiffs Terry Lee Wilkinson, Patty Eagle, Steve Ray Evans, and Jackie Sanchez brought suit to challenge the constitutionality of Utah Code Ann. § 41-6a-1009(4) ("the Statute") under the First Amendment.

---

[1]Docket No. 92.

1

As originally filed, the suit included Defendants associated with Salt Lake City ("City Defendants").[2]  In April 2011, Plaintiffs resolved their claims against the City Defendants and filed a settlement agreement with the Court,[3] which the Court accepted through a consent order.[4] The agreement did not, however, resolve Plaintiffs' claims against the State of Utah ("State Defendants").[5]  Thereafter, Plaintiffs filed an Amended Complaint against the State Defendants.

Plaintiffs filed a motion for summary judgment on their claims against the State Defendants, which the Court granted.[6]  Defendants then filed a motion to reconsider which the Court denied.[7]  Plaintiffs bring this Motion seeking to recover the costs and fees associated with their suit against the State Defendants.[8]

## II.  DISCUSSION

Plaintiffs move the Court for an entry of attorney fees as a prevailing party under 42 U.S.C. § 1988.  Section 1988 provides, in relevant part, that "[i]n any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, the court, in its discretion, may allow

---

[2]*Id.* at 2.

[3]*See* Docket No. 30.

[4]*See* Docket No. 37.

[5]*Id.* at 3.

[6]Docket No. 88.

[7]Docket No. 101.

[8]The Court previously granted fees and costs to Plaintiffs for time spent on the claims against the City Defendants at Docket No. 55.

the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."[9]

Plaintiffs request a fee award of: (1) $6,723.13 for time spent pre-April 2011 on preparing, filing, and serving the initial Complaint; (2) $28,288.75 for time spent post-April 2011 on the Amended Complaint, summary judgment, and the request for attorney's fees; and (3) $4,536.25 for time spent on the motion to reconsider.  Plaintiffs also request costs in the amount of $19.00.

The State Defendants agree to Plaintiffs' fee calculation for post-April 2011 and the motion to reconsider, but object to Plaintiffs' requests for pre-April 2011 fees.

The State Defendants argue that "the original Complaint was focused against the City Defendants and their actions."[10]  After succeeding against the City Defendants, "[i]n order to proceed against the State, the Plaintiff [sic] had to completely re-write and file an amended complaint, adding an additional Plaintiff and additional Defendants."[11]  According to Defendants, amendment was necessitated by defects in the Complaint with respect to standing and justiciability issues, and Plaintiffs were therefore required to make substantial changes to the Complaint and the parties in order to have a case against the State Defendants.  Accordingly, the State Defendants ask the Court to see the Amended Complaint as initiating "a new case against

---

[9]42 U.S.C. § 1988(b).

[10]Docket No. 103, at 3.

[11]*Id.*

the State Defendants" and therefore deny fees against the State Defendants for hours worked before the Amended Complaint was filed.[12]

Plaintiffs contend that the original Complaint was neither exclusively focused on the City Defendants nor deficient against the State Defendants. According to Plaintiffs, while the "initial and most pressing goal in this litigation was to secure immediate injunctive relief against the City Defendants,"[13] the Plaintiffs' overarching goal was always the invalidation of the Statute at the state level. Accordingly, Plaintiffs point out, the initial Complaint alleged claims against the State Defendants and sought, ultimately, state-wide relief.

The Court will not engage here in an analysis of whether the original Complaint was deficient against the State Defendants. Rather, the Court finds that the original Complaint clearly sought relief against the State Defendants,[14] such that its preparation is properly seen as part of, rather than independent from, Plaintiffs' case against the State Defendants. If the Complaint thereafter required amendment, that amendment built off work already attributable to the case against the State Defendants and did not begin a new, independent action for purposes of the fee calculation. Accordingly, the Court finds that the pre-April 2011 fees should be included in Plaintiffs' fee award.

---

[12]*Id.* at 5.

[13]Docket No. 104, at 2.

[14]*See* Docket No. 1, at 2 ("With respect to the Utah State Defendants, Plaintiffs seek only declaratory, equitable and prospective injunctive relief prohibiting Defendants from enforcing the Statute.").

III.  CONCLUSION

Because Defendants have not objected to any of Plaintiffs' other fee or cost calculations, the Court will grant Plaintiffs' request in full.  It is therefore

ORDERED that Plaintiffs' Motion for Award of Fees & Costs Against State Defendants (Docket No. 92) is GRANTED.  Plaintiffs are awarded $39,548.13 for fees and $19.00 for costs, for a total of $39,567.13.

DATED   June 14, 2012.

BY THE COURT:

_____

TED STEWART
United States District Judge